UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CRANE BROTHERS, LLC, an Idaho Limited Liability Company,<br><br>                  Plaintiff,<br><br>   v.<br><br>FARM BUREAU MUTUAL INSURANCE COMPANY OF IDAHO, an Idaho Corporation, SHAWN S. YOUNG, an individual, LOREN D. WEST, an individual, JOHN DOE, individually, DOES I through X, and BUSINESS ENTITY DOES I through X,<br><br>                 Defendants. | Case No. 1:13-CV-00372-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Before the Court is Plaintiff Crane Brothers, LLC's Motion to Remand (Dkt. 11).

The Court finds oral argument is unnecessary. For the reasons set forth below, the Court

will remand this case to state court.

MEMORANDUM DECISION & ORDER - 1

## BACKGROUND

Crane Brothers, LLC is an Idaho potato farmer.  Crane Brothers insured its crops under an insurance policy written by the Federal Crop Insurance Corporation (FCIC), a wholly-owned Government corporation established within the Department of Agriculture. 7 U.S.C. § 1503 (1988).  Crane Brothers obtained its insurance through the defendant, Farm Bureau Mutual Insurance Company of Idaho.

In the spring of 2011, Defendants Shawn Young and Loren West, two Farm Bureau "captive" agents, contacted Adam Crane and Alan Crane regarding Farm Bureau's crop insurance.  Crane Brothers procured crop insurance from Farm Bureau to protect Crane Brother's potatoes from a low-yield loss.  Crane Brothers alleges that Farm Bureau's agents assured Adam and Alan Crane that the policy was specifically suited to fit their needs.  But when Crane Brothers suffered a loss caused by adverse weather conditions, Farm Bureau denied coverage without explanation.

Crane Brothers responded by filing suit in Idaho state court alleging claims of breach of contract, negligence, and estoppel against Farm Bureau, as well as the two Farm Bureau agents, Young and West.  On August 22, 2013, Defendants removed the case to federal court, asserting: "Plaintiff is making a claim which closely involves and is controlled by the federal crop insurance program that was created pursuant to 7 U.S.C. § 1501-1531 and is governed by the code of federal regulations adopted for this program along with the handbooks, manuals and bulletins provided by the Risk Management Agency." *Notice of Removal* at 1, Dkt. 1.

MEMORANDUM DECISION & ORDER - 2

Crane Brothers moved to remand the case to state court. Defendants have failed to respond.

## ANALYSIS

As noted, Defendants have failed to respond to the Crane Brother's motion to remand. Failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted. L.R. 7.1(f)(1). Thus, Defendants are deemed to have consented to the granting of the motion to remand, and the Court may grant the Crane Brother's motion on this basis alone. Regardless, however, the Court grants the motion based on the merits.

The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392(1987); *Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1393 (9th Cir.1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

MEMORANDUM DECISION & ORDER - 3

There is no question that the complaint contains no federal claims, names no federal defendants, and lacks diversity. There are, however, a handful of "extraordinary" situations when "when the preemptive force of federal law is so 'extraordinary' that it converts state common law claims into claims arising under federal law for purposes of jurisdiction." *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993).  This doctrine is known as complete preemption; it is a "narrow exception" to the "well-pleaded complaint rule," which makes the plaintiff the master of its complaint and generally precludes removal when a complaint does not facially present a federal question. *Id.*

"The test for complete preemption is whether Congress clearly manifested an intent to convert state law claims into federal-question claims." *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987)). The United States Supreme Court has identified only two federal acts whose preemptive force is extraordinary: (1) The Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a)*;* and (2) the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq. Id.*

Here, Defendants "Notice of Removal" could be construed as asserting that the Crane Brothers' state law claims are completely preempted by the Federal Crop Insurance Act.  The Ninth Circuit, however, has specifically held the Federal Crop Insurance Act does not completely preempt state law claims.  *Holman*, 994 F.2d at 669. Thus, removal based on the complete preemption doctrine is not proper in this case, and the Court lacks subject-matter jurisdiction.

MEMORANDUM DECISION & ORDER - 4

## ORDER

IT IS ORDERED that Plaintiff Crane Brothers, LLC's Motion to Remand (Dkt. 11) is GRANTED.  The Clerk is directed to remand this case to the Fourth Judicial District for the State of Idaho.

DATED: December 12, 2013

B. Lynn Winmill
Chief Judge
United States District Court